# Richmond.

## Richmond Passenger & Power Company v. Steger.

### March 12, 1903.

1. Negligence—*Street Railways—Person on Track—Contributory Negligence—Instructions.*—There being evidence tending to show that a plaintiff, after going upon a street railway track, did not use ordinary care in getting off before he was struck by an approaching car, which was very near and which he had signalled to stop, it was error to instruct the jury to find in his favor if they believed from the evidence that at the time he got on the track, "the motorman of the car saw, or could, by the exercise of ordinary care, have seen him in time to stop the car so as to avoid striking him, and failed, in the exercise of such care, to do so."

2. Instructions—*Effect of Inconsistency.*—Where instructions are inconsistent with or contradict each other, it is impossible to say by which the jury was controlled, and the verdict should be set aside.

3. Verdicts—*Erroneous Instruction—When Harmless.*—This court will not set aside the verdict of a jury, although erroneous instructions have been given, if the record clearly shows that, upon proper instructions, the jury could not have properly found any other verdict. But this rule has no application when the evidence on the material questions involved is so conflicting that if the verdict had been for the opposite party the court could not have disturbed it.

Error to a judgment of the Law and Equity Court of the city of Richmond, rendered March 26, 1902, in an action of trespass on the case, wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Reversed.*

The opinion states the case.

*Henry Taylor, Jr.,* for the plaintiff in error.

*Wyndham R. Meredith* and *B. O. James*, for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

R. H. Steger instituted his action of trespass on the case to recover damages for injuries done him by the Richmond Passenger and Power Company, a corporation operating a street-car line in the city of Richmond. The plaintiff's injuries were caused, it is alleged, by the negligent running of one of the defendant's cars upon him whilst crossing its track at the intersection of Third and Broad streets in that city. The trial of the cause resulted in a verdict and judgment for the plaintiff. To that judgment this writ of error was awarded.

Two errors are assigned—one to the action of the court in giving instruction "F" offered by the plaintiff, and the other to the refusal of the court to set aside the verdict.

The instruction complained of is as follows: "If the jury believe from the evidence that at the time Mr. Steger got on the south track of defendant company while crossing Broad street at Third street the motorman of car No. 7 saw, or could, by the exercise of ordinary care, have seen, him in time to stop the car so as to avoid striking him, and he failed in the exercise of such care to do so, they are instructed they must find for the plaintiff."

The objection made to the instruction is that, since it concludes with the direction to find for the plaintiff, it must therefore contain within itself every fact necessary for that conclusion, and yet it nowhere provides that the plaintiff must be free from contributory negligence.

The instruction assumes that the plaintiff was guilty of contributory negligence in going upon the street railway track at the time that he did, and then tells the jury that, notwithstanding such negligence he might recover, if they believed that the

defendant saw, or could, by the exercise of ordinary care, have
seen, the plaintiff in time to stop its car so as to avoid injuring
him, and failed to do so. This was a correct statement of the
law upon that assumption, unless there was evidence tending to
show that the plaintiff, after he went upon the track, did not
exercise ordinary care in getting off the track before the car
reached him. There is evidence tending to show that the plain-
tiff, after he went upon the track, paid no further attention to
the approaching car. If he had done so, the defendant's coun-
sel insists, he would have seen that the car was not checking its
speed nor going to stop, as he had motioned it to do, and when
he saw this he might, by his own movements, have gotten out of
the way of the car, and saved himself from injury.

The trial court, recognizing that there was such evidence,
upon motion of the defendant, gave instruction No. 6 to the
jury. By that instruction the jury were told in effect that al-
though they might believe that the defendant did not exercise
due care in the management of its car after it saw the plaintiff
upon the track, yet they must find for the defendant if they
believed that the plaintiff, in the exercise of reasonable care by
watching the approaching car and hastening across, could have
crossed the track before the car reached him, and failed to do so.

Instruction "F" is, therefore, erroneous in the respect com-
plained of, and that error is not cured by instruction No. 6,
in which there is a correct statement of the law upon that ques-
tion. Where two instructions are inconsistent with or contra-
dict to each other, it is impossible to say whether the jury were
controlled by the one or the other. *Va., &c. Wheel. Co.* v.
*Chalkley,* 98 Va. 62, 66, 34 S. E. 976; *N. & W. Rwy. Co.* v.
*Mann,* 99 Va. 180, 187, 37 S. E. 849; Sackett on Instructions
(2d ed.), 25; Blashfield on Instructions, secs. 73 and 74.

The counsel of the plaintiff insist that, although the court be
of opinion that instruction "F" was erroneous, the judgment
should not be reversed on that account, because upon the whole

case it is clear that no other verdict could have been properly found.

It is the well-settled rule of this court to uphold a verdict notwithstanding the jury have been erroneously instructed, if the record shows clearly that upon correct instructions the jury could not have properly found any other verdict. *Richmond Rwy. Co.* v. *Garthright,* 92 Va. 627, 24 S. E. 267, 32 L. R. A. 220, 53 Am. St. Rep. 839; *Wright* v. *Independence Bank,* 96 Va. 728, 732, 32 S. E. 459, 70 Am. St. Rep. 889.

But this rule has no application in a case like this, where the evidence on the material questions involved is so conflicting that if the verdict had been in favor of the defendant the court could not have disturbed it.

The evidence of the defendant, if true, showed that it was not running its car at a greater rate of speed than it had the right to run it; that the car was properly equipped and in charge of a competent motorman; that proper warnings of its approach to the crossing were given; that the car was within eight to fifteen feet of the plaintiff, who knew of its approach, when he stepped on the track, and that the brakes were applied at once; and that running as it was, from six to eight miles an hour, the car could not be stopped under twenty-five feet.

With such evidence in the case, we cannot say that no other verdict than that which was rendered could have been properly found by the jury.

Having reached the conclusion that the giving of instruction "F" was error for which the judgment complained of must be reversed, it is unnecessary to consider the other assignment of error as to the sufficiency of the evidence to sustain the verdict.

The judgment must be reversed, the verdict set aside, and the cause remanded for a new trial to be had not in conflict with the views expressed in this opinion.

*Reversed.*