# Richmond.

RICHMOND PASSENGER & POWER COMPANY v. GORDON.

MARCH 10, 1904.

1. STREET RAILWAYS—*Persons and Vehicles Crossing Track—Foresight.*—A street-car company owes the duty of foresight to persons and vehicles crossing its tracks in a city, and if the failure to keep a proper lookout was the proximate cause of an injury inflicted upon a person crossing its track, it is liable, notwithstanding the fact that the person injured was guilty of negligence in going upon the track.

2. NEGLIGENCE—*Concurrent Negligence of Plaintiff and Defendant.*—If the proximate cause of an injury is the negligence of both plaintiff and defendant concurring and co-operating together, the plaintiff cannot recover.

3. INSTRUCTIONS—*Conflicting Evidence—Different Theories of Case.*—Where there is evidence tending to prove that the injury sued for was caused by the concurrent and co-operative negligence of both plaintiff and defendant, and also evidence tending to prove that the defendant's negligence alone was the proximate cause of the injury, each party has the right to have his view or theory of the case presented to the jury by proper instructions for that purpose.

4. ORDINARY CARE—*Street Railways—Crossing Tracks.*—While it is difficult to frame a perfectly clear and accurate definition of the term "ordinary care," a jury could not have been misled by an instruction which told them that it was not negligence as a matter of law for one about to cross a street railway to omit to look and listen for cars, and that the question was whether men of ordinary prudence, exercising ordinary care and prudence, would have thought it unnecessary to do so.

5. INSTRUCTIONS—*Negligence—Burden of Proof.*—In a case involving questions of negligence and contributory negligence, it is not error to instruct the jury as to who has the burden of proof.

Error to a judgment of the Law and Equity Court of the city of Richmond in an action of trespass on the case, wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Reversed.*

The opinion states the case.

*Henry Taylor, Jr.,* for the plaintiff in error.

*Meredith & Cocke,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

This action was instituted by John W. Gordon to recover damages for injuries done him at a street crossing in the city of Richmond by the alleged negligent running of an electric street railway car operated by the Richmond Passenger & Power Company.

Upon the trial of the cause the plaintiff asked for eight instructions, and the defendant for three. All the instructions asked for were given as asked, or with such modifications as the court saw proper to make. No objections are made here to instructions numbered 2, 3, 4, 5, and 8, given for the plaintiff, nor to instruction "a" given for the defendant. The assignments of error chiefly relied on are the giving of the plaintiff's instruction No. 7, and the refusal of the court to give the defendant's instructions "b" and "c" as asked, and in giving them as modified by the court.

The following is a copy of instruction No. 7:

"If the jury find that the plaintiff was guilty of want of reasonable and ordinary care in attempting to cross the tracks of the defendant under the circumstances referred to, then he is not entitled to recover, unless they believe from the evidence that the motorman could have avoided the accident by the use of ordinary

care after he saw, or by the use of ordinary care might have seen, that the plaintiff was on the track, or very near thereto, and driving towards the same, and was in danger of being struck by the car; and, if they shall so believe, then they must find for the plaintiff."

The objection made to that instruction is, first, that there was no evidence to show that the motorman could have avoided the accident by the exercise of ordinary care after he saw the plaintiff's peril; and second, that the proposition that they must find for the plaintiff if the jury believed that the motorman might, by the exercise of ordinary care, have seen the plaintiff's peril, and avoided the accident, is not law.

There is no evidence that after the motorman saw the plaintiff's danger he could have avoided the accident; but there is evidence tending to prove that, if the motorman had been exercising ordinary care as his car approached the crosing, he could have seen the plaintiff's peril in time to have prevented the injury. There is evidence tending to show that the plaintiff, as he drove along Floyd avenue towards the crossing where that avenue intersects Harrison or Beech street, stopped or checked the one-horse vehicle in which he, his wife, and son were riding about forty feet from the crossing at the time a north-bound street car crossed Floyd avenue, and that he then proceeded towards the crossing; that the north-bound car passed the car going south, which did the injury, from sixty to seventy-five feet north of Floyd avenue; that from that point there was nothing to prevent the motorman on the south-bound car from seeing the plaintiff's vehicle as it approached the street car track; that from the point where the cars passed each other to the point where the plaintiff's vehicle was struck was one hundred feet or more; that a car running at the rate of six or seven miles an hour, as the motorman said his car was running, could, under favorable circumstances, be stopped in about a car length, which was shown to be about thirty-five feet, and that the car was actually stopped in

about forty-five feet after the motorman saw the plaintiff's vehicle. This evidence was sufficient to justify the court in giving the instruction in question, under a long line of decisions of this court.

In the case of *R. & D. R. R. Co.* v. *Anderson,* 31 Gratt. 812, 31 Am. Rep. 750, decided a quarter of a century ago, it was held, Judge Burks delivering the opinion of the court, that, though the plaintiff may have been guilty of negligence, and although that negligence may in fact have contributed to the accident, yet if the defendant could in the result, by the exercise of ordinary care and diligence, have avoided the mischief which happened, the plaintiff's negligence will not excuse the defendant. To sustain the conclusion reached in that case the learned judge approved and followed the decision of the House of Lords in the case of *Radley* v. *London etc. Ry Co.,* 1 App. Cases (Law Rep. 1875-'76), 754, 759, which cites and affirms *Davies* v. *Mann,* 10 M. & W. 545, and *Tuff* v. *Warman,* 5 C. B. (N. S.) 573.

In the case of *Marks etc.* v. *Petersburg R. R. Co.,* 88 Va. 1, 10, 13 S. E. 299, which was an action for damages for causing the death of a traveller at a street crossing by the defendant railroad company's cars, it was said by Judge Lewis, in discussing the subject of contributory negligence: "If a person attempts to cross a railroad at a highway crossing without using his senses of sight and hearing, even though the company be negligent, the law, as well as common prudence, condemns his act as careless. But this is a mere presumption, which may be repelled by evidence showing that the case is within one or more of the exceptions to the general rule before mentioned. In the absence of such evidence, however, the contributory negligence of such person, when injured, will preclude a recovery, unless the company might, by the exercise of ordinary care on its part, have avoided the consequences of the plaintiff's negligence." "This qualification of the doctrine of contributory negligence," he continues,

"is laid down in the leading case of *Tuff* v. *Warman,* 2 C. B. (N. S.) 740, and so often recognized by this court." After citing a number of the decisions of this court, he adds: "Applying this test to the present case, we are of opinion that the plaintiff is not entitled to recover, for it is manifest that ordinary care on the part of the defendant could not have discovered the negligence of the deceased in time to avoid the accident."

In the case of the *Seaboard, etc., R. R. Co.* v. *Joyner,* 92 Va. 354, 23 S. E. 773, this court, in considering the question of the duty of a railroad company to avoid injuring a trespasser, said: "The law upon this subject is, we think, properly stated in the ninety-ninth section of Shearman & Redfield on the law of Negligence (4th Ed.), where it is said that: 'The plaintiff should recover, notwithstanding his own negligence exposed him to the risk of injury, if the injury of which he complains was approximately caused by the omission of the defendant, after having such notice of the plaintiff's danger as would put a prudent man on his guard, to use ordinary care for the purpose of avoiding such injury. It is not necessary that the defendant should actually know of the danger to which the plaintiff is exposed. It is enough if he have sufficient notice or belief to put a prudent man on the alert, and he does not take such precautions as a prudent man would take under similar notice or belief.' " To the same effect is *Tucker's case,* in 92 Va. 549, 24 S. E. 229, and *Dunnaway's* in 93 Va. 29, 36, 37, 24 S. E. 698.

In the case of *B. & O. R. R. Co.* v. *Few's Ex'r,* 94 Va. 82, 89, 26 S. E. 406, it was held that a railroad company is liable for a personal injury inflicted on a traveller at a public crossing if its agents or servants in charge of a moving train saw him in a position of danger, or by the use of diligence might have seen him, and failed to stop the train, and prevent it from injuring him.

In *Blankenship's case,* 94 Va. 449, 457, 27 S. E. 20, 22, it was said, in discussing this question and explaining what was

meant by certain language used in *Dunnaway's case, supra,* that: "By the use of the language 'when the trespasser is discovered, or by ordinary care and caution might have been discovered,' it was not intended to say that under ordinary conditions it was the duty of the railroad company to keep a lookout for trespassers (for the question was not involved in that case), but to declare, where it had such notice or belief that some one might be in danger as ought to put a prudent man on the alert, it became the company's duty to be on the lookout, and it might be held responsible for injuries done a trespasser under such circumstances, not only after his danger was discovered, but where, by ordinary care and caution, it might have been discovered, unless it did all that could be done to avoid injuring him consistently with its higher duties to others."

In *Washington etc. R. Co.* v. *Lacy,* 94 Va. 460, 476, 26 S. E. 834, 839, which was also a street crossing case, it was said, after declaring what the duty of a traveller was in approaching a street crossing over which a steam railroad was operated: "If he fails to use these necessary precautions, and injury ensues, he cannot recover, unless the defendant company, by the exercise of ordinary care and diligence, might have prevented the injury after it discovered, or ought to have discovered, his peril.

In *C. & O. Ry. Co.* v. *Rodgers,* 100 Va. 324, 325, 41 S. E. 732, where the party injured was walking on the defendant company's track at a point where persons were accustomed to walk, it was held that in such a case a defendant was liable for the injury inflicted upon the plaintiff, notwithstanding the latter's negligence, if, by the exercise of reasonable care, the plaintiff's danger could have been discovered in time to save him.

*Richmond P. & P. Co.* v. *Steger,* 101 Va. 319, 43 S. E. 612, and *Richmond Traction Co.* v. *Martin's Adm'x, ante* p. 205, 45 S. E. 886, are to the same effect. In the last-named case, decided at the December term, 1903, it was said by Judge Whittle, speak-

ing for the court, that: "The well-known rule in this class of cases is that a plaintiff seeking to recover damages for an injury caused by the negligence of the defendant must himself be free from negligence, and, if it appears that his negligence has contributed as an efficient cause to the injury of which he complains, the court will not undertake to balance the negligence of the respective parties for the purpose of determining which was most at fault. The law recognizes no gradations of fault in such case, and, where both parties have been guilty of negligence, as a general rule, there can be no recovery. There is really no distinction between negligence in the plaintiff and negligence in the defendant, except that the negligence of the former is called 'contributory negligence.'

"The general rule adverted to is subject, however, to the qualification that, where the negligence of the defendant is the proximate cause of the injury, and that of the plaintiff only the remote cause, the plaintiff may recover notwithstanding his negligence; the doctrine in that respect being that the law regards the immediate or proximate cause which directly produces the injury, and not the remote cause which may have antecedently contributed to it. From that principle arises the well-established exception to the general rule that if, after the defendant knew, or, in the exercise of ordinary care, ought to have known, of the negligence of the plaintiff, it could have avoided the accident, but failed to do so, the plaintiff can recover. In such case the subsequent negligence of the defendant in failing to exercise ordinary care to avoid injuring the plaintiff becomes the immediate or proximate and efficient cause of the accident, which intervenes between the accident and the more remote negligence of the plaintiff."

These cases establish the doctrine that, where a railroad company or a street railway company knows or has reason to believe that persons are likely to be on their tracks at a particular point, such company owes two duties to such persons: First, to keep

a lookout in approaching such point; and second, to avoid injury
when it sees such persons in peril, if it can be done by the exer-
cise of ordinary care.    And if it fails to keep such lookout, and
thereby fails to see such persons' peril, and inflict injury, it can-
not escape liability on that ground, but its liability will depend
not upon what it actually knew, but upon what it would have
known if it had performed its duty in keeping a proper lookout.
And this seems to be the rule generally.

Shearman & Redfield, in their work on Negligence (5th Ed.
484), say: "The rule that a plaintiff is as a matter of law
negligent if he fails to see what he was bound to look for and
ought to have seen, is rigidly enforced; and the same rule must,
in common justice, be applied to the defendant.    And in fact it
actually is in almost every court where the question is squarely
presented."    And in section 485c they say:    "The opera-
tor of a street car, especially if it is impelled by cable or electric
power, is bound to keep a constant watch for persons and vehicles
on the street; and although he is not bound to anticipate that foot
passengers will attempt to cross otherwise than at regular cross-
ings, and therefore need not maintain quite the same degree of
vigilance elsewhere, he is always responsible for failing to see
even persons crossing at other places, if he would have seen them,
had he been in the exercise of ordinary care.    The rule exempt-
ing railroads from responsibility where train men do not in fact
see a person on the track   .   .   .   certainly applies only
against trespassers, and therefore does not apply to city streets
or street cars."

The court did not err in giving the instruction in question.

Instruction "b," as offered, is as follows:

"The court further instructs the jury that if they believe from
the evidence that John W. Gordon slowed down his horse when
about forty feet from the track to allow the north-bound car to
pass, and shall further believe from the evidence that after the
north-bound car had passed he quickened the pace of his horse,

VOL. CII—64

and shall further believe that in the exercise of reasonable care, by looking or listening, he could have seen or heard the car approaching before getting into a position of danger, and failed to so ascertain the approach of the car, and that he thereby contributed to the accident, they must find for the defendant."

Instruction "b," as offered, stated the general rule on the subject of contributory negligence, but failed to state the exception to it. In that respect it was amended by the court. As offered, it was in conflict with instruction No. 7, which, as we have seen, was properly given. There was no error either in refusing to give instruction "b" as offered or in giving it as modified by the court.

Instruction "c," as asked for by the defendant, was in the following words:

"The court further instructs the jury that if they believe from the evidence that this accident was caused by the concurrent negligence of the motorman and of John W. Gordon, due to each failing to keep a proper lookout, they must find for the defendant."

If the proximate cause of the injury was the negligence of both plaintiff and defendant concurring and co-operating together, then the general rule as to contributory negligence, and not the exception to the rule, applied, and the plaintiff was not entitled to recover. Beach on Contributory Negligence, section 56.

The defendant therefore had the right to have that theory or view of the case submitted to the jury. Where there is evidence tending to prove that the case comes within the general rule as to contributory negligence, and also evidence tending to prove that the case comes within the exception to that rule, each party has the right to have his theory or view of the case presented to the jury by proper instructions. If any authority were needed for this statement, it will be found in the case of *Richmond Traction Co.* v. *Martin's Adm'x, supra.*

The court therefore erred in refusing to give instruction "c" as offered, which presented the defendant's theory of the case, and which, if sustained by the evidence, would have entitled it to a verdict.

In the modified form in which the court gave it, it was clearly erroneous.    If the proximate and efficient cause of the accident was the concurrent negligence of both parties, the plaintiff could not bring himself within the exception to the general rule, and he was not entitled to recover.

Instruction No. 1, as given by the court, is as follows:

"The jury are instructed that travellers may walk, ride, or drive either across or along a street railway track just as freely as upon any other part of the street, so long as they do not obstruct the cars, or carelessly expose themselves to danger.    And while generally speaking, one who is about to cross a street railway should both look and listen for cars, this is not an inflexible rule, nor is it to be enforced with any such strictness as in cases of an ordinary steam railway.    It is not negligence as a matter of law to omit to do so.    The question is whether men of ordinary prudence, exercising ordinary care and prudence, would have thought it unnecessary to do so."

The last sentence of this instruction is criticised as not correctly stating the rule by which the jury might determine whether or not the plaintiff exercised ordinary care in approaching the street car crossing.    The language used varies somewhat from the usual statement of the rule as to what constitutes ordinary care.    It is difficult, if not impossible, to frame a definition of "ordinary care" which will be perfectly clear and accurate.    But the definition given in the instruction does not differ in substance from that usually given in such cases, and the jury could not have been misled by it.

Objection is also made to instruction No. 6, which is as follows:

"The jury are instructed that the burden is on the plaintiff to prove the negligence of the defendant company as charged in

the declaration; and that, if the defendant relies on the contributory negligence of the plaintiff as a defence, the burden is on the defendant to prove such contributory negligence, unless it is disclosed by the plaintiff's evidence, or may be fairly inferred from all the circumstances of the case; and in the absence of such proof and inferences from the circumstances the plaintiff is presumed to have been without fault."

It is conceded that this instruction (No. 6) correctly states the law as an abstract proposition, but it is insisted that the court erred in giving it because it had no application to the facts of this case.

The case before the jury was one involving questions of negligence and contributory negligence. An instruction which correctly stated to the jury upon whom the burden of proof was in such a case cannot be regarded as erroneous, or as tending to mislead the jury.

It is unnecessary to consider the remaining assignment of error that the verdict is against the evidence, as the judgment will have to be reversed, the verdict set aside, and a new trial awarded for the error committed by the court in refusing to give instruction "c," as offered, and in giving it as amended by the court.

                                        *Reversed.*