# Richmond.

RICHMOND PASSENGER & POWER CO. v. STEGER.

January 12, 1905.

Absent, Keith, P.

1. NEGLIGENCE—*Question of Fact.*—Whether or not the defendant in error was guilty of contributory negligence, in view of the evidence, involved questions of fact which were for the exclusive consideration of the jury, and their verdict cannot be disturbed.

Error to a judgment of the Law and Equity Court of the city of Richmond, in an action of trespass on the case, wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendont.

*Affirmed.*

As the case stands here as on a demurrer to the evidence, it is not deemed necessary to give the whole of the evidence. The plaintiff in the trial court testified in his own behalf, and a passenger on the car which struck him was also examined in his behalf. Their evidence, as condensed in brief of counsel for defendant in error, was as follows:

"ROBERT H. STEGER.

"I was on the northeast corner of Broad and Third streets. I intended to go down town to Poythress' drug store. Before I got

to the north rail of the north track, I looked down the street, and saw there was no car coming west. Then I crossed to the north track. I got in between the tracks and looked up the street, and there was a car coming down between Second and Third on Broad street. It seemed to be nearly half way. I was then about near the north side of the south track. When I got to the edge of the track, I held up my hand for it to stop. It was then about Jasper Rowe's—seventy-five or eighty feet. I thought I had plenty of time to get across, so I started across the track. I went straight across the track, and as I got out of the track I think the fender struck me. I could not tell what the speed was because I was in front of the car. I did not have time to get across. I went right straight on. I was hit because I could not use my legs, that is why. I was hit just as I got to the track. I would not have been hit at all if I had my legs. Because I would have jumped across the track and gotten out of the way. I could not do this, because my legs were filled with rheumatic gout at the time of the accident. I did all I knew how to get out of the way. I would not stand in front of a train if I could help it. When I was hit I was just across the track, the fender hit me, I think. One step more and I would have been out of danger. I could not tell what was the speed of the car. I was right in front of it. I might have judged of it if I had been at the side—judge by other objects. I reckon I held out my hand as I went along. I cannot swear to that. I suppose I saw the car all the time from the time I first saw it. I was looking at the car all the time. Had one eye on it. Was watching that car for good. I cannot say that I stopped and looked right at it. I did say that I had one eye on it all the time. I watched the car as it came towards me. I would not say continuously. I knew where the car was, and I wanted to get out of the way—that was all that I was doing. I saw the car before I got to the south track. I crossed the north track

and got on the south track, and then the car was about seventy-five feet off—we measured it. When I first saw the car it was about the middle of the square. I was then at the north track and stepped across there and got next to the southern track. The car had approached where I was, then within about seventy-five feet of me. When I saw the car about the middle of the square, I was about at the north track. I then stepped across and held up my hand when I got near the southern track. Then it was that the car was about seventy-five feet from me. I do not know whether it was going fast or not; I suppose it was going fast. When I got between the north track and the south track, I held my hand up without stopping, and continued right straight across, and I would have had time to get across if the car had been coming at a decent rate. I know I stepped out of the track when I was hit. When the people take a car they take it on the side next to the south pavement, on the right hand side as it comes east. I cannot say where the car was when it struck me; I had just taken two or three steps. I know it was coming down, as before. I had knowledge that the car was coming, but did not know how rapidly. I thought it was coming rapidly; I did not know whether it was coming at eight miles an hour or twenty miles an hour. I know I thought I had ample time to get across, and I believe I would have done it if it had been running anything like the ordinary car. I knew I could not walk very fast, and so was very careful on that account; I looked both ways for the cars."

## "MR. B. B. STRINGFELLOW.

"I occupied the front seat of the car, which was an open one. I don't think the car stopped anywhere after First street. *It was going at a very high rate of speed. It continued at about the same rate clean up to the time of the accident.* There is an

electric light at Third and Broad streets.; *When I first noticed Mr. Steger he hadn't gotten on the track yet.* I saw from the rate of speed of the car we were bound to strike him. Even then, I thought so; so I closed my eyes rather than see the contact. *The car was then a car or half a car length west of Third street.* I have never had any experience in judging speed. It would be mere guess work. *I should say certainly between twelve and fifteen miles.* At this time, Mr. Steger had gotten on the north track, or mighty near it. He was going diagonally across. It is right hard for me to state his exact position, it was all so quick. Seeing Mr. Steger on the north track, I saw if he kept on it was inevitable that the car would hit him; both were coming together, you see."

*H. Taylor, Jr.,* for the plaintiff in error.

*Wyndham R. Meredith* and *B. O. James,* for the defendant in error.

Harrison, J., delivered the opinion of the court.

This is the second appearance of this case upon our docket. 101 Va. 319. Now, as formerly, there was a verdict in favor of the plaintiff which the lower court refused to set aside.

When the case was here before, error was found in the instructions, for which reason the judgment was reversed, the verdict of the jury set aside, and the case remanded for a new trial. The plaintiff in error now concedes that the instructions are free from objection, and assigns as its only ground of error that the verdict is against the evidence and the instructions.

The injuries of the plaintiff, for which he has twice recovered damages, were caused, as alleged, by the negligent running of one of the defendant's cars upon him when he was crossing the

track at the intersection of Third and Broad streets in the city
of Richmond. It is admitted that the defendant company was
guilty of negligence in running its car beyond the lawful rate
of speed, but it is contended that the plaintiff was guilty of
contributory negligence proximately concurring with the negli-
gence of the defendant company, which defeats his right to
recover.

The contention cannot be sustained. The case is before us
as upon a demurrer to the evidence, and in the light of that
rule, conceding that there was some evidence tending to show
contributory negligence, a careful examination of the testimony
satisfies us that we would not be warranted in holding, as a
matter of law, that the plaintiff was guilty of negligence which
contributed to his injury. In view of all the evidence bearing
upon the question of contributory negligence, we are of opinion
that the case involved questions of fact which were for the ex-
clusive consideration of the jury, and upon principles too well
settled to require citation of authority, their finding cannot be
disturbed.

The judgment must therefore be affirmed.

*Affirmed.*