# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢

## Belcher v. Tredway, et als.

### June 14, 1923.

1. Trusts and Trustees—*Suit for Administration of Trust—Confirmation of a Sale After the Objects of the Suit have been Fully Accomplished—Taxes—Case at Bar.*—A grantor conveyed his property to trustees to secure the payment of his creditors and provided that after all his indebtedness was paid the residue of his property should be conveyed by the trustees to his wife and children, share and share alike. The widow of the grantor brought her suit in equity asking the court to administer the trust. After all the objects of this suit had been fully accomplished by the payment of all the debts of the grantor, the widow filed an amended or supplemental bill setting out a sale of certain land by the widow acting for herself and her children, and asking to have it confirmed, and stating that there was $300 of taxes unpaid on that and other lands formerly owned by the grantor.

   *Held:* That as the object of the suit had been fully accomplished, the court had no power to make further sales of land or to confirm the sale made by the widow, and that as nearly all of the taxes accrued after the death of the grantor, they were not his debts and were not secured by the deed of trust.

2. Bill in Equity—*Amended or Supplemental Bill After Final Decree.*—Where the whole object and purpose of an original suit to administer a trust has been fully accomplished, the court has no power to receive an amended and supplemental bill in the cause, setting out a sale by one of the beneficiaries on her own behalf and on behalf of her infant children, and asking that it be confirmed. There can be no such thing as an amended and supplemental bill in an ended cause.

3. Bill in Equity—*When Amended Bill Treated as an Original Bill—Sale of Infants' Lands.*—Where a bill tendered as an amended and supplemental bill in a suit for the administration of a trust asks for the confirmation of a sale of land by the beneficiaries of the trust (the widow and infant children of the grantor) was not good as an amended or supplemental bill, it cannot be considered good as an original bill, where it lacked every essential of a bill for the sale of infants' lands under the statute.

4. PARTITION—*Infant Parties—Infants Not Made Defendants.*—Where a bill tendered as an amended and supplemental bill in a suit for the administration of a trust asks the confirmation of a sale of land by the beneficiaries of the trust (the widow and infant children of the grantor) was not good as an amended or supplemental bill, it cannot be considered good as a bill for partition, because the bill was filed by the widow and infant children, and the only defendants were the trustees and administrator of the grantor. There was no one to act on behalf of the infants by appointment of the court.

5. TRUSTS AND TRUSTEES—*Suit for Administration of Trust—Confirmation of a Sale After the Objects of the Suit Have Been Fully Accomplished—Decree—Case at Bar.*—While in a suit to administer a trust the court should not confirm a sale of the trust property after all the objects of the suit have been fully accomplished, yet it should not set aside the contract of sale for which confirmation was asked, but should have simply refused to allow the amended and supplemental bill, asking confirmation, to be filed, and without prejudice to whatever rights any of the parties had under the contract, dismissed the bill.

Appeal from a decree of the Circuit Court of Chesterfield county. Decree for petitioner. Complainant appeals.

*Amended and affirmed.*

The opinion states the case.

*E. P. Cox* and *L. P. Pool,* for the appellants.

*P. H. Cogbill,* for the appellees.

BURKS, J., delivered the opinion of the court.

Junius A. Brown owned several tracts of land in the county of Chesterfield, and also a sawmill and fixtures, a number of horses, mules, wagons and other personal property, but was financially embarrassed. By deed bearing date October 16, 1908, he conveyed all his property, real and personal, to trustees, in trust to secure certain enumerated creditors specified amounts, and

also all other creditors who should within ninety days from the date of the deed file their accounts of indebtedness with said trustees. The deed was also made upon the further trust, "that the said trustees shall, after the payment of the indebtedness of J. A. Brown, convey all property, real and personal, to Sallie C. Brown, Joseph Archer Brown and Junius Terrell Brown, share and share alike; that is to say that after the payment of the indebtedness of J. A. Brown, the said Sallie C. Brown, Joseph Archer Brown and Junius Terrell Brown, shall have and hold, share and share alike, in fee simple all the remaining property hereby conveyed."

Brown died about sixty days after executing this deed of trust, and his widow married Rolyat T. Belcher in the year 1909. In December, 1909, Mrs. Belcher in her own right and as next friend of her two infant sons, Joseph Archer Brown and Junius Terrell Brown, filed the bill in this cause, in which, among other things, it is charged that a forced sale under the deed of trust would be greatly detrimental to the interests of herself and children and probably the property would not bring sufficient, or more than sufficient, to pay the debts secured; but it is further alleged that there was valuable timber upon several of the tracts of land which, if judiciously handled, could be sold off for enough to pay the debts and leave part of the land and other property for the benefit of herself and infant children. The language of the bill on this subject is: "Your oratrix is satisfied and she has been advised that the timber from the Hatcher land and that of the Edwards tract will pay off the indebtedness and will then leave the lands to the use and benefit of your oratrix and her two infant children aforesaid." She made the trustees and the administrator parties defendant to the

suit, and asked the court to administer the trust in this way.

The record in this case is a skeleton record and does not show all of the proceedings, but it sufficiently appears—indeed, is admitted—that all of the debts secured by the deed have been long since paid and satisfied, and that there remains a tract of 113 acres in Chesterfield county, which is owned by the widow and her two sons under the terms of the deed of trust aforesaid. Since the institution of the suit one of these sons has become of age, and the other will shortly become of age.

On February 20, 1920, Mrs. Belcher entered into a written contract with one M. E. Tredway for the sale of the tract of land in Chesterfield county at the price of $4,750, to be paid in installments as set out in said contract. The contract, among other things, contains the following clause: "It is understood by both parties that there are infant heirs to the property, and this contract is made subject to the confirmation by the court, and if the court does not approve sale, party of first part agrees to rent the property to party of the second part for one year at $150.00 per annum, which said terms shall be complied with on confirmation of court."

On May 21, 1920, this suit came on to be heard on the papers formerly read, and on the report of Special Commissioner Lawrence P. Pool, with the offer of Tredway to purchase filed therewith, and upon the hearing at that time the court decreed the confirmation of the sale to Tredway, and directed that the cash payment of $1,000 on the purchase money be deposited to the credit of the court, and provided for a deed to be made to him if he should anticipate his payments of the balance. After his purchase Tredway employed an attorney to

·examine the title for him, but the examination was not made and he heard nothing from him prior to the confirmation of the sale on May 21, 1920, of which Tredway was ignorant. At a later date Tredway employed .another attorney to examine the title for him, and this .attorney made an abstract of the title and reported to Tredway that the court was without jurisdiction to make the sale; that the whole purpose and object of the .suit had been accomplished, the trust declared by the ·deed had been fully executed, and consequently that the court had no power either to make a sale or confirm the written contract of sale aforesaid. Thereupon 'Tredway filed his petition in the cause setting out the ·facts and exhibiting the attorney's abstract of title, and asking to have the sale to him, which had been confirmed by the court, set aside and annulled and the ·purchase money, $1,000, which he had paid, returned to him.

This petition was answered by the trustees, by the ·widow, by· the two infants by guardian *ad litem,* and .also by Lawrence P. Pool, special commissioner. The trustees answered that they had never acted under the ·deed, but simply submitted the rights of the parties to the determination of the court. The other answers set up reasons why respondents thought the decree confirming the sale valid. Thereupon Mrs. Belcher and the two infant children, by their mother as their guar-·dian and next friend, tendered an amended and supplemental bill, setting out the sale to Tredway, and asking to have it confirmed, and among other things saying that there was nearly $300 of taxes unpaid on that and other lands formerly owned by Brown.

The case came on for hearing on these various pleadings, and the court was of opinion that the decree of ·confirmation was inadvertently entered as the object

of the suit had been fully accomplished at the time of
the confirmation of the sale; whereupon .it proceeded
to set aside the sale to Tredway and the decree of con-
firmation, and adjudged, ordered and decreed that J.
A. Connelly and Company, to whom Tredway had
paid the sum of $1,000 as the first payment on the sale,
should refund the $1,000 to Tredway, and required
Tredway to pay the $150 for rent set out in the con-
tract, and also refused to allow the amended bill to be
filed, but stated in the decree that it was without pre-
judice or objection to the right of the plaintiffs to pro-
secute any other proper suit or suits that they might be
advised "in respect to any trespass or waste upon the
land by Tredway."

[1, 2] There is no doubt that the whole object and
purpose of the original suit to administer the trust de-
clared under the deed of trust made by Brown had been
fully accomplished. No taxes were secured by the.deed,
nor was it necessary to do so as the State had ample
security for its taxes. It is stated in the pleadings that
there was something like $300 of taxes still due, but
practically all of these taxes accrued after the death of
Brown, were not debts of Brown, and were not se-
cured by the deed of trust. The trial court was correct
in its statement that the object of the suit had been
fully accomplished. The court, therefore, had no power
to make further sales of the land or to confirm the sale
made to Tredway. It was equally without power to
receive an amended and supplemental bill in the cause.
There can be no such thing as an amended and supple-
mental bill in an ended cause. *Blair* v. *Rorer's Adm'r*,
135 Va. 1, 116 S. E. 767.

[3, 4] While the bill tendered as an amended and
supplemental bill was not good as such, we have con-
sidered whether it would be good as an original bill,

and are of opinion that it would not be. It is not good as a bill for the sale of infants' lands under the statute, because it lacks every essential of a bill of that character. Neither can it be regarded good as a bill for partition, because the bill was filed by the widow and infant children, and the only defendants are the trustees and administrator of Brown. As said in *Snavely* v. *Harkrader*, 29 Gratt. (70 Va.) 112, 127, "If the bill be treated as one for partition, it is equally defective for there the infants are all made plaintiffs and the guardian defendant." In the case in judgment the mother has assumed to act for the infants and the bill is in the name of the widow and infants, by her as next friend, and there is no one to act on behalf of the infants by appointment of the court. The bill, for that reason, is defective as one for partition.

[5] The trial court, however, erred in setting aside the contract of sale between Mrs. Belcher and Tredway, as it apparently does, and did not properly reserve to the widow and infant children whatever rights they had under the contract of sale made to Tredway. The trial court admits that it was wrong to enter a decree of confirmation, and what it should have done in the final decree aforesaid was simply to refuse to allow the amended and supplemental bill to be filed, and without passing upon the rights of the parties under the private contract of sale with Tredway, and without prejudice to whatever rights any of the parties had under the contract, dismissed the bill. The decree complained of was practically a final decree, though not such in terms, and the result arrived at by the trial court was right, except the provision in the decree authorizing and directing J. A. Connelly and Company to pay over the sum of $1,000 mentioned in the decree. The decree should have left the rights of the parties with respect to this fund unaffected.

This court, therefore, will enter a decree amending the decree of the circuit court in the particular with respect to the $1,000 just mentioned, and so as to direct that the cause be dismissed without prejudice to whatever rights, if any, Mrs. Belcher and her two sons, Joseph Archer Brown and Junius Terrell Brown, may have under the contract of February 20, 1920, entered into between Mrs. S. C. Belcher and M. E. Tredway. The decree of the circuit court as thus amended will be affirmed.

*Amended and affirmed.*