# Richmond.

## Virginia Electric and Power Company v. Minnie C. Oliver.

January 17, 1929.

Absent, Chichester, J.

The opinion states the case.

*T. Justin Moore* and *A. G. Robertson*, for the plaintiff in error.

*H. Carter Redd*, for the defendant in error.

CAMPBELL, J., delivered the opinion of the court.

This action of trespass on the case was brought by Minnie C. Oliver against the Virginia Electric and Power Company to recover damages for personal injuries sustained by the plaintiff as the result of a collision between an automobile, in which plaintiff was riding, and a street car owned and operated by the defendant.

The defendant, as a part of its electric system, operates a suburban railway running from the city of Richmond to Lakeside, in Henrico county. The accident occurred at a point on the Hermitage road, a short distance from the city of Richmond, where the railway crosses the road. The plaintiff was a passenger in an automobile driven by her husband, C. H. Oliver, a man seventy-four years of age, who was somewhat deaf. Both the street car and the automobile were going in a northerly direction. While attempting to cross the road at the intersection of the street car line and highway the collision occurred.

The first assignment of error calls in question the

action of the court in giving, on motion of the plaintiff, the following instruction:

"The court instructs the jury that if they believe from the evidence that the motorman on the street car involved in the accident saw, or by the use of ordinary care should have seen, the peril of the plaintiff in time to avoid the accident by the use of ordinary care, and failed to use such ordinary care either in ascertaining the perilous position of the plaintiff or in keeping his car under control and using every means at his command which an ordinarily prudent man experienced in handling street cars could have used, that then the defendant company is liable even though the plaintiff be guilty of contributory negligence, and they should find for the plaintiff and. award such amount of damages as will compensate the plaintiff for the time lost, money spent, physical suffering, mental anxiety and permanent physical disfigurement."

The following grounds of objection are urged:

(a) "That the instruction erroneously sets forth the law of contributory negligence and the last clear chance."

(b) "That the instruction erroneously imposes upon the defendant's motorman the absolute duty as an insurer of 'using every means at his command which an ordinarily prudent man experienced in handling street cars could have used,' whereas the actual duty imposed by law upon the defendant's motorman is the *duty to exercise* ordinary care."

In *Virginia Railway & Power Co.* v. *Leland,* 143 Va. 920, 129 S. E. 700, Christian, J., said: "In recent years many cases of the last clear chance have been before the Supreme Court in damage cases against railroads and street railways, so. that the principles upon which it is based may be said to be well settled, but

before applying those principles to the facts of this particular case it would tend to clearness to state again the general principle of the doctrine, and the rule as to burden of proof.

■ " 'The foundation of the doctrine is that the parties are guilty of concurring negligence, and there must be some condition, circumstance, or superadded fact which one of the parties saw, or by the exercise of ordinary care could have seen, that made it his duty to endeavor to avoid injury to the other negligent party, and the obligation of discovering the last clear chance is mutual.' *Green* v. *Ruffin*, 141 Va. 628, 125 S. E. 742, 127 S. E. 486; *McNamara* v. *Rainey Luggage Corp., et al.*, 139 Va. 197, 123 S. E. 515.

■ " 'One relying on the doctrine of the last clear chance has the burden of proving affirmatively by a preponderance of evidence that by the use of ordinary care, after his peril was discovered, there was in fact a last clear chance to save him.' *Washington & Old Dominion Railway* v. *Thompson*, 136 Va. 597, 118 S. E. 79; *Hendry* v. *Virginia Railway and Power Co.*, 130 Va. 283, 107 S. E. 716; *Ashby* v. *Virginia Railway & Power Co.*, 138 Va. 310, 122 S. E. 104."

■■ It is a conceded fact that the street car line and the highway run parallel and in close proximity for the distance of three hundred yards. The evidence for the plaintiff tends to show that the automobile in which plaintiff was riding passed the street car at a point approximately three hundred yards distant from the crossing; that the view of the motorman was unobstructed for a distance of seven hundred feet before arriving at the crossing; that the motorman knew of the crossing and could have seen the automobile had his gaze been upon the roadway; that the driver of the

automobile was ignorant of the crossing and that same was obscured by hay and grass. Under these circumstances it was proper for the court to submit to the jury, by a correct instruction, the question of negligence, contributory negligence and the last clear chance, and to define the relative duties of the plaintiff and the defendant. *Richmond Passenger, etc., Co.* v. *Gordon*, 102 Va. 502, 46 S. E. 772. The instruction is, however, amenable to the objection that it imposes upon the defendant the duty of using every means it *could* have used to have avoided the accident. In no sense was the defendant an insurer of the plaintiff's safety. The only duty imposed by law upon the defendant was the duty of exercising ordinary care to prevent the accident.

In *Virginia Ry. & P. Co.* v. *Wellons*, 133 Va. 359, 112 S. E. 846, the following instruction, though criticised, was approved by this court: "The jury are instructed that although they may believe from the evidence that the plaintiff was guilty of contributory negligence in driving his car in front of and in dangerous proximity to the defendant's street car, yet, if they further believe from the evidence that after the defendant's motorman, in the exercise of ordinary care, saw or ought to have seen the plaintiff's danger in time to have avoided the accident and injury to him, and failed to do so, and by reason of such failure the plaintiff and his automobile received the injury complained of, they should find for the plaintiff."

The above instruction clearly sets forth the doctrine of ordinary care, beyond which the law does not require a defendant to go.

It is also assigned as error that the court gave the following instruction: "The court instructs the jury that if they believe from the evidence that the motor-

man running the street car saw or by the use of ordinary care could have seen the automobile proceeding along the road parallel with the street car tracks, or saw or by the use of ordinary care could have seen that the driver of the automobile was approaching the crossing in such a manner as to indicate that he would proceed across same, that then it was the duty of the motorman to keep his car under control and to do all that a reasonably prudent and careful man experienced in handling street cars could do to prevent the accident, and if they believe from the evidence that the motorman did not use ordinary care and did not do all that a reasonably prudent man experienced in handling street cars would have done in order to prevent the accident, that then the defendant company is liable and they should find for the plaintiff, and this is true even though the plaintiff may have been guilty of contributory negligence.''

This instruction, in addition to containing the obnoxious language contained in instruction No. 1, is contradictory in its terms. It imposes upon the defendant the duty of exercising ordinary care and then also imposes, as does instruction No. 1, the duty of extraordinary care as an insurer of the safety of the plaintiff.

Complaint is made because the court refused, at the request of the defendant, to give this instruction: ''The court instructs the jury that it was the duty of the driver of the automobile in question to exercise ordinary care to look out for and to listen for approaching street cars as he was driving northwardly along Hermitage road in such manner as to be reasonably effective, and to so operate his automobile as to be able to control it readily and avoid an accident; and these duties are continuing duties and are not neces-

sarily discharged by the performance thereof at any particular moment of time; but if at any time before the collision in the proper performance of these duties on the part of the driver of the automobile he could have avoided the accident in the exercise of ordinary care on his part and he failed to do so, and such failure was the sole proximate cause of the accident, then the jury must find their verdict for the defendant."

The instruction seeks to invoke the doctrine of imputable negligence, and it was not error to refuse it. This court has recently dealt with this question. In *N. & W. Ry. Co. v. James*, 147 Va. 187, 136 S. E. 663, West, J., said: "Mrs. James was in the car by the invitation of her husband, and she neither had, nor exercised, any control over him as the driver of the car. Under such circumstances, his negligence, if any, cannot be imputed to her.

"In *Virginia Ry. & P. Co. v. Gorsuch*, 120 Va. 655, 91 S. E. 632, Ann. Cas. 1918B, 838, Prentis, J., speaking for the court, said: 'The doctrine of imputable negligence has been discussed, and the books are full of cases dealing with the question. There are some conflicts in the decisions, but it may be regarded as settled by the overwhelming weight of authority that the negligence of the driver of an automobile will not be imputed to a mere passenger, unless the passenger has or exercises control over the driver. The negligence of the servant is imputed to the master, because the master employs and can discharge the servant and direct his actions. It seems to be well settled that the negligence of a husband driving an automobile is not, as a general proposition, imputable to his wife, merely because of the marital relation; nor is the negligence of the driver of an automobile imputable to his guest merely because he is riding with him by invitation.' "

In *Berry on Automobiles*, it is said: "The better rule seems to be that a wife, riding with her husband, is entitled to rely upon him to look out to a great extent for her safety and that by so doing she is not chargeable with negligence." Again, "common sense would indicate that when a wife goes riding with her children in a rig driven by her husband, she rightfully relies on him not to drive so as to imperil those in his charge. The law does not depart from common sense by requiring her, under the circumstances shown here, to impugn her husband's ability to drive, and assume the prerogative to dictate to him the manner of driving. *Williams* v. *Withington*, 88 Kan. 809, 813, 129 Pac. 1148; *Denton* v. *Missouri, etc., Co.* [97 Kan. 498], 155 Pac. 812."

Whether, under the circumstances, the plaintiff herself was guilty of such contributory negligence as to bar a recovery was a question of fact primarily for the jury, and not a question of law for the court.

As the case must be reversed for the errors committed by the trial court in giving instructions 1 and 3, it would be improper to discuss the last assignment of error that "no negligence appears from the record; that the plaintiff herself was guilty of negligence which efficiently contributed to her injuries and bars a recovery."

*Reversed and remanded.*