# Richmond.

## SOUTHERN RAILWAY CO. v. BAILEY.

March 10, 1910.

Absent, Buchanan, J.

1. RAILROADS—*Personal Injury—Persons Standing Near Track—Contributory Negligence—Concurrent Negligence.*—A person who stands so close to a railroad track at a station that he is struck by the projecting portions of a passing engine, which could have been seen for a thousand feet before reaching the station, is guilty of such negligence as bars recovery. If it be conceded that the engineer in charge was guilty of negligence, still it was as much the duty of the person injured to care for his own safety as it was of the railroad company to look out for and avoid injuring him, and the mutual and concurring negligence of the parties at the time of the injury would bar a recovery. There can be no recovery when the negligence of both parties is concurrent and operative at the time of the injury, and contributes to it. It is not necessary that the negligence of the plaintiff should have caused the injury in order to bar his recovery. If it contributed proximately to it, he cannot recover.

2. RAILROADS—*Negligence—"Last Clear Chance"—Concurrent Negligence.*—The doctrine of the "last clear chance" applies, notwithstanding the contributory negligence of a plaintiff, where the defendant knows, or by the exercise of ordinary care ought to know, of plaintiff's danger, and it is obvious that he cannot extricate himself from it, and fails to do something which it has power to do to avoid the injury; or when the plaintiff is in some position of danger from a threatened contact with some agency under the control of the defendant, when the plaintiff cannot, and the defendant can, prevent the injury. The plaintiff must show that at some time, in view of the entire situation, including his own negligence, the defendant was thereafter culpably negligent and that such negligence was the latest in succession of causes. In such case the plaintiff's negligence is not the proximate cause of the injury. But this

doctrine has no application to a case where both parties are equally guilty of an identical duty, the consequences of which continue on the part of both to the moment of the injury, and proximately contribute thereto.

3. Railroads—*Negligence—Proximate and Remote Cause.*—Where the negligence of the defendant is the proximate cause of an injury, and that of the plaintiff only the remote cause, the plaintiff may recover, notwithstanding his negligence, as the law regards the immediate and proximate cause which directly produces the injury, and not the remote cause which may have antecedently contributed to it.

4. Railroads—*Persons on Track—Negligence of Railroad—Lookout— Proximate Cause.*—If those in charge of a train, in discharge of their duty to keep a lookout, discover, or should have discovered, a person upon the track, and there be superadded any fact or circumstance brought home to their knowledge sufficient to put a reasonable man upon his guard, that the person upon the track pays no heed to his danger, and will take no step to secure his own safety, then the negligence of the person injured becomes the remote cause or mere condition of the accident, and the negligence of the railroad company the proximate cause, and there may be recovery.

Error to a judgment of the Circuit Court of Orange county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Williams & Tunstall* and *Shackleford & Shackleford,* for the plaintiff in error.

*A. T. Browning* and *E. H. DeJarnette, Jr.,* for the defendant in error.

Keith, P., delivered the opinion of the court.

A jury found a verdict for the plaintiff upon the defendant's demurrer to the evidence, and the case is before us upon a writ of error.

Bailey, the plaintiff in the circuit court, was engaged as a drayman in carrying baggage and merchandise of various kinds from and to the station and trains of the Southern Railway, in the town of Orange. There are two tracks upon the Southern road at this point, a track upon which the trains move from the north to the south, known as the southbound track, and a track upon which trains move from the south to the north, known as the northbound track. Upon the latter track, on the occasion in question, there stood a train of the Chesapeake and Ohio railway. Just before receiving the injury Bailey had left his horse and wagon at the rear of the depot on the east side of the railroad tracks, had crossed the track to the west side, heard the Chesapeake and Ohio train coming north, turned and moved toward the south, stopped and was looking at the Chesapeake and Ohio train when he was struck by an engine of the Southern Railway Company on the southbound track, and received the injury for which he sues. He was standing upon a cement walk, which was about on a level with the railroad track, and was struck by some part of the engine. He states that just before his attention was drawn to the Chesapeake and Ohio train he looked toward the north and saw nothing; that he doesn't suppose it was more than a minute after he looked before he sustained the injury and lost consciousness.

The uncontradicted evidence is that from the point at which Bailey was struck there is a clear and unobstructed view to the north for about 1,000 feet, and that for 767 feet of this distance the track is straight. The ordinance of the town of Orange prescribes six miles an hour for the speed of trains within the corporate limits, and the evidence is that on this occasion it was moving at the rate of five or six miles an hour.

Bailey knew that trains were constantly passing upon the track near which he stood. In standing so near the track as to be struck by a passing engine he was plainly guilty of negligence—of negligence which continued up to the moment of the accident. In addition to what has been stated, let it be con-

ceded that the employees of the railway company operating its train saw the position which Bailey occupied, or by the exercise of reasonable care on their part could have seen him, the question for our determination is whether the jury were warranted in finding a verdict for the plaintiff upon these facts, or whether they present a case of mutual and concurring negligence upon which there can be no recovery.

We have held in numerous cases that those controlling a railroad train approaching a depot or any other point at which it was reasonably to be expected that persons would be in danger, must use reasonable care to avoid doing them an injury. We have held in many cases that an engineer, seeing a person upon the track in the apparent possession of all his faculties, would have a right to suppose that such person would get out of the way of the approaching train; in other words, that to see a man upon the track is not necessarily to see that man in a position of danger, because, if in the possession of his faculties, and in the exercise of that care which is incumbent upon him, he looks out for an approaching train, he can reach in an instant a place of safety, and the peril of one upon the track cannot, therefore, be known to those in control of the train until it becomes apparent that he is unconscious of his danger, or so situated as to be incapable of self-protection, when it becomes the duty of those in charge of the train to do all that they can, consistent with their higher duty to others, to save him from the consequences of his own act. We have held that the duty of guarding an individual against injury, which the law imposes upon a railroad company, is no higher or greater than that which the individual owes to care for his own safety; that all men know that to be upon a railroad track along which trains are frequently moving is to be in a position of danger, and imposes upon the person so exposing himself the obligation to keep a constant lookout for his own protection.

These principles apply with equal, perhaps greater, force to one who takes a position near a railroad track and in such close

proximity as to be struck by any of the projecting parts of an engine or train—indeed, a person standing near a track would not so readily excite the apprehension of the engineer that his train might do him mischief as if the person stood or moved upon the track and within the rails, and he could also more easily remove himself from his position of peril.

Bailey was standing so near the track that some part of the engine of the southbound train of the Southern Railway Company struck him and inflicted the injury. He was looking toward the Chesapeake and Ohio train, from which passengers were alighting. There was a good deal of bustle and stir around him. The engine in emitting steam added to the noise and confusion; and he relied upon these and perhaps some other like causes to excuse his admitted want of attention, for he expressly says, in answer to the question: "Was there anything to prevent you walking far enough on the sidewalk to be in a place of safety?" A. "I don't know whether I was or not. I didn't have just the presence of mind. I wan't thinking when I stopped there. I didn't know that there was anything coming back behind me. I could have walked further out, but I just happened to be walking along there and stopped. My attention drew to the other train, and I happened to stop at that place. I wanted to see if there was any baggage or something of that sort. Consequently I did not get there. I stopped for a minute, and that is all that I remember." There can be no doubt, therefore, that Bailey was guilty of negligence which continuel up to the very moment when he was struck by the train.

In the case of *Southern Ry. Co.* v. *Bruce,* 97 Va. 92, 33 S. E. 548, this court said: "It is the duty of a railroad company to use reasonable care to avoid injury to a licensee on its track, but it is equally the duty of the licensee to take ordinary precautions for his own safety, even if there be negligence on the part of the company, and if, through his failure to do so, he is injured, he cannot recover. The question is not whether the plaintiff's negligence caused, but whether it contributed to the

injury, and if it did so there can be no recovery therefor. In the case at bar the negligence of the plaintiff's intestate contributed to his injury, and there can be no recovery therefor. He walked on the track when there was another safe, suitable, and convenient walkway. He apparently neither looked nor listened for approaching trains, and failed to get off the track, though others near him did so."

In *Norfolk & Western Ry. Co. v. Cromer's Admx.,* 99 Va. 763, 40 S. E. 54, it is said that "it is necessary to the defense of contributory negligence to show that but for it the accident would not have occurred. It is enough to show that the negligence of the plaintiff contributed to the injury. The question to be determined is not whether the plaintiff's negligence caused, but whether it contributed to, the injury of which he complains."

In *Norfolk & Western Ry. Co. v. Wilson,* 90 Va. 263, 18 S. E. 35, it was held that one crossing a railroad at a place where the public is licensed to cross, who knowing that he is on one of the main tracks over which trains pass at all hours, fixes his attention upon a train on the other track which he has changed his course to avoid, and takes no precautions in looking out for trains upon the track on which he is walking, is guilty of such negligence as defeats his recovery for injuries from being struck by such train.

In *Chesapeake & Ohio Ry. Co. v. Rogers,* 100 Va. 324, 41 S. E. 732, it was held to be the duty of a person walking on a railroad track to listen and keep a constant lookout for approaching trains in order to avoid danger to himself, and that the necessity for doing so is not relieved by the negligence, if any, of the railroad company or its servants.

In *Richmond Passenger and Power Co. v. Steger,* 101 Va. 319, 43 S. E. 612, it was held that "there being evidence tending to show that a plaintiff, after going upon a street railway track, did not use ordinary care in getting off before he was struck by an approaching car, which was very near and which he

had signaled to stop, it was error to instruct the jury to find in his favor, if they believed from the evidence that at the time he got on the track the motorman of the car saw, or could, by the exercise of ordinary care, have seen him in time to stop the car so as to avoid striking him, and failed, in the exercise of such care, to do so." The court said: "There is evidence tending to show that the plaintiff, after he went upon the track, paid no further attention to the approaching car. If he had done so, the defendant's counsel insists, he would have seen that the car was not checking its speed nor going to stop, as he had motioned it to do, and when he saw this he might, by his own movements, have gotten out of the way of the car and saved himself from injury."

"If the continuing negligence of a plaintiff, up to the time of the injury, concurs with the negligence of the defendant in causing the injury, the plaintiff cannot recover." *Consumers' Brewing Co.* v. *Doyle,* 102 Va. 399, 46 S. E. 390.

In *Southern Ry. Co.* v. *Forgey,* 105 Va. 599, 54 S. E. 477, the same principle is enforced, the court saying: "Where an injury or loss is caused by the concurrent negligence of both the plaintiff and the defendant, contributing as an efficient cause to the injury complained of, there cannot, as a general rule, be any recovery, as the court will not undertake to balance the negligence of the respective parties in order to ascertain which one was most at fault."

To the same effect see *Humphreys* v. *Valley R. Co.,* 100 Va. 749, 42 S. E. 882: "If the proximate cause of a plaintiff's injury is his own negligence, concurring with the negligence of the defendant, there can be no recovery." *Richmond Pass. & Power Co.* v. *Gordon,* 102 Va. 498, 46 S. E. 772.

In Vol. 7 L. R. A. (N. S.), at page 132, there is an instructive note upon the case of *Dyerson* v. *Union Pacific R. Co.* In that case it was held that a plaintiff who has received an injury occasioned by the negligence of the defendant, but who could have avoided it by the exercise of ordinary care on his own part,

cannot recover damages therefor, although the defendant ought to have discovered (but did not, in fact, discover) his peril in time to have prevented the accident, where the plaintiff's negligence continued up to the very moment he was hurt, and where the exercise of reasonable diligence before that time would have warned him of his danger and enabled him to escape by his own effort. As is said in the note, "The point upon which the decision in the principal case turns is that the negligence of the plaintiff continued up to the very moment he was hurt, and was therefore contemporaneous and concurrent with the negligence of the defendant."

The author of the note referred to shows that courts in applying the doctrine of the last clear chance have sometimes supported a recovery, although, upon the facts, the plaintiff or the deceased, and not the defendant, would seem, but for his own negligence, to have had the last clear opportunity to avoid the injury. The duty on the part of the defendant's employees to keep a lookout is conceded, but it is shown that there is a corresponding duty upon the part of the deceased to keep a lookout for trains, and if his breach of duty in that respect continues up to the moment of the injury, he cannot recover, for such a case is not one of prior negligence on the part of the deceased and subsequent negligence on the part of the defendant, but of concurring a negligence on the part both up to the very instant of the accident.

We leave out of view, of course, cases where the plaintiff is apparently not in the possession of his faculties, as in the case of *Seaboard R. Co.* v. *Joyner's Admr.,* 92 Va. 354, 23 S. E. 773; or where, as sometimes happens, the injured person is caught upon a trestle or a bridge, or is otherwise placed in a helpless condition, and those in control of the train had actual knowledge of his condition, or by the exercise of reasonable care should have known of his peril.

We concede the liability of the defendant, also, where the circumstances show that if the defendant had exercised reasonable

care to discover the plaintiff's peril it could have averted the accident, when it was too late for the plaintiff, by the performance of his duty, to have extricated himself.

This principle is thus stated in *French* v. *Grand Trunk R. Co.,* 76 Vt. 441, 58 Atl. 722: "It is true that when a traveler has reached a point where he cannot help himself, cannot extricate himself, and vigilance on his part cannot avert the injury, his negligence in reaching that position becomes the condition, and not the proximate cause, of the injury, and will not preclude a recovery; but it is equally true that if a traveler, when he reaches the point of collision, is in a situation to help himself, and, by a vigilant use of his eyes, ears, and physical strength, to extricate himself and avoid injury, his negligence at that point will prevent a recovery, notwithstanding the fact that the trainmen could have stopped the train in season to have avoided injuring him. In such a case the negligence of the plaintiff is concurrent and operative at the time of the accident. When negligence is concurrent and operative at the time of the collision, and contributes to it, there can be no recovery."

In *Robards* v. *Indianapolis Street R. Co.,* 32 Ind. App. 297, 66 N. E. 66, 67 N. E. 953, the doctrine of the last clear chance is thus stated: "The plaintiff must show that at some point of time, in view of the entire situation, including the plaintiff's negligence, the defendant was thereafter culpably negligent, and its negligence the latest in the succession of causes. In such case the plaintiff's negligence would not be the proximate cause of the injury. . . . . The plaintiff not only negligently put himself in a place of peril, but continued negligently to move on to the catastrophe until it happened. The language of the doctrine of prior and subsequent negligence implies that the principle is not applicable when the negligence of the plaintiff and that of the defendant are practically simultaneous."

In *Green* v. *Los Angeles Ter. R. Co.,* 143 Cal. 31, 76 Pac. 719, 101 Am. St. Rep. 68, the doctrine of the last clear chance was held to apply, notwithstanding the contributory negligence

of the plaintiff, the court saying: "It applies in cases where the defendant, knowing of plaintiff's danger, and that. it is obvious that he cannot extricate himself from it, fails to do something which it is in his power to do to avoid the injury. It has no application, however, to a case where both parties are guilty of concurrent acts of negligence, each of which, at the very time when the accident occurs, contributes to it."

And in *O'Brien* v. *McGlinchy,* 68 Maine 552, the court says, speaking of the doctrine of the last clear chance: "This rule applies usually in cases where the plaintiff, or his property, is in some position of danger from a threatened contact with some agency under the control of the defendant, when the plaintiff cannot, and the defendant can, prevent an injury. . . . But this principle would not govern where both parties are contemporaneously and actively in fault, and by their mutual carelessness an injury ensues to one or both of them."

In *Smith* v. *Norfolk & Southern R. Co.,* 114 N. C. 728, 19 S. E. 863, 25 L. R. A. 287, the rule is thus stated: "Applying the rule which we have stated to accidents upon railroad tracks, it may be illustrated as follows: First, there must be a duty imposed upon the engineer, as otherwise there can be no negligence to which the negligence of the injured party is to contribute. The duty under consideration is to keep a vigilant lookout . . . in order to discover and avoid injury to persons who may be on the track, and who are apparently in unconscious or helpless peril. When such a person is on the track and the engineer fails to discover him in time to avoid a collision, when he should have done so by the exercise of ordinary care, the engineer is guilty of neg-. ligence. The decisive negligence of the engineer is when he has reached that point when no effort on his part can avert the collision. Hence, if A, being on the track and after this decisive negligence, fails to look and listen, and is in consequence run over and injured, his negligence is not concurrent merely, but really subsequent, to that of the engineer, and he cannot recover, as he, and not the engineer, has the last clear opportunity of

avoiding the accident. If, however, A is on the track, . . . . and while there, and before the decisive negligence of the engineer, he by his own negligence becomes so entangled in the rails that he cannot extricate himself in time to avoid the collision, and his helpless condition could have been discovered had the engineer exercised ordinary care, then the negligence of A would be previous to that of the engineer, and the engineer's negligence would be the proximate cause, he, and not A, having the last clear opportunity of avoiding the injury. The same result would follow in the case of a wagon negligently stalled, when no effort of the owner could remove it; and there are other cases to which the principle is applicable."

We are dealing here with a case where a plaintiff, who could, up to the moment of impact, have placed himself in a position of safety, if he had exercised ordinary care to discover the approaching train, is seeking to recover from the defendant company because, by the exercise of like care, it could have avoided inflicting the injury of which he complains; and the question is whether or not a plaintiff can recover of a defendant where they are equally guilty of the breach of an identical duty, the consequences of which continue on the part of both to the moment of the injury. Of course, before the doctrine of the last clear chance can be invoked, it must be shown that the defendant has been guilty of negligence, either before or after the discovery of the peril constituting the proximate cause of the accident.

In *Norfolk & Western Ry. Co.* v. *Dean's Admr.,* 107 Va. 505, 59 S. E. 389, this doctrine was applied, and it was held that where the presence of a person upon the track is observed by careful and experienced men operating the train, and they, in the exercise of their best discretion, do not regard him in danger, until, on getting nearer to him, he appears to be unconscious of his peril, and they then do all in their power to prevent an injury to him, though without avail, the company is not liable.

The controlling principles of the cases from this court and elsewhere are well stated in the case of *Richmond Traction Co.*

v. *Martin's Admr.,* 102 Va. 209, 45 S. E. 886, where the court
said: "Two theories were propounded by the evidence: (1)
That at the time Martin attempted to cross the northern track
of the defendant's railway the car in question was at a stand-
still, and was subsequently set in motion, and the collision oc-
curred; and (2) that while the car was already in motion Mar-
tin stepped on the track immediately in front of it, and was
struck by the fender." The court having granted an instruction
upon the first theory, which was that of the plaintiff, was asked
by the defendant to tell the jury that if they believed from the
evidence "that the plaintiff's decedent, on the evening when
he met the accident that resulted in his death, was intoxicated
from drink, and that, being so intoxicated, he attempted to cross
defendant's railway track in front of a moving car that was
approaching him, so close to said car that he could not move be-
yond the point of the track that he first reached before the car
struck him, then they are instructed that the plaintiff cannot
recover in this action," to which the court added: "Unless they
believe further from the evidence that the defendant, by the ex-
ercise of ordinary care, could have avoided inflicting on him the
injury which resulted in his death, after the motorman saw, or
by the exercise of ordinary care could have seen, the danger in
which the plaintiff's decedent had placed himself in time to
have avoided the accident." The court held that this addition
to the instruction was, under the circumstances of the case, er-
roneous; that "the well-known rule in this class of cases is that
a plaintiff seeking to recover damages for an injury caused by
the negligence of the defendant must himself be free from neg-
ligence, and, if it appears that his negligence has contributed
as an efficient cause to the injury of which he complains, the
court will not undertake to balance the negligence of the respec-
tive parties for the purpose of determining which was most at
fault. The law recognizes no gradations of fault in such case, and
where both parties have been guilty of negligence, as a general
rule, there can be no recovery. There is really no distinction

between negligence in the plaintiff and negligence in the defendant, except that the negligence of the former is called contributory negligence.

The general rule adverted to is subject, however, to the qualification that where the negligence of the defendant is the proximate cause of the injury, and that of the plaintiff only the remote cause, the plaintiff may recover, notwithstanding his negligence; the doctrine in that respect being that the law regards the immediate or proximate cause which directly produces the injury, and not the remote cause which may have antecedently contributed to it. From that principle arises the well-established exception to the general rule that if, after the defendant knew, or, in the exercise of ordinary care, ought to have known, of the negligence of the plaintiff, it could have avoided the accident, but failed to do so, the plaintiff can recover. In such case the subsequent negligence of the defendant in failing to exercise ordinary care to avoid injuring the plaintiff becomes the immediate or proximate and efficient cause of the accident, which intervenes between the accident and the more remote negligence of the plaintiff.

"It was this principle that was invoked by the plaintiff upon the first theory of the case, and applied by the court in plaintiff's instruction and in the modified instruction of the defendant. But the second theory presented a case where the proximate and efficient cause of the accident involved the concurrent negligence of both plaintiff and defendant, unbroken by any efficient supervening cause, and to such case the exception referred to obviously has no application. Upon that theory the act of Martin and the conduct of the motorman were so substantially concurrent that it was impossible to separate the conduct of the former from the injury itself. The doctrine under discussion is fundamental and elementary, and has been expounded time and again by this and other courts, from *Davis* v. *Mann,* 10 Mees & W. 545, decided in the year 1842, down to the present time." See, also, *C. & O. Ry. Co.* v. *Corbin's Admr., ante,* p. 700, 67 S. E. 179.

If it be the duty of a person upon the track of a railway to keep a constant lookout for approaching trains (and of this there can be no question), and if it be the duty of the servants of the company in control of the train to exercise reasonable care to discover the presence of a person upon the track, and if in the exercise of such reasonable care the presence of such person would be discovered, and the person on the track is injured and there be no other fact proved, then it is apparent that the case stated would be one of mutual and concurring negligence, and there can be no recovery. The duty was equal and each is equally guilty of its breach. If, however, it appears that those in control of a train, in the discharge of their admitted duty to keep a reasonable outlook, discover, or should have discovered, a person upon the track, and there be superadded any fact or circumstance brought home to their knowledge, sufficient to put a reasonable man upon his guard, that the person upon the track pays no heed to his danger and will take no step to secure his own safety, then the situation changes and the negligence of the person injured becomes the remote cause or mere condition of the accident, and the negligence of the railroad company the proximate cause, and there may be a recovery.

For these reasons the judgment of the circuit court must be reversed, and this court will enter such judgment as that court should have entered.

*Reversed.*