# Richmond

CHESAPEAKE AND OHIO RAILWAY CO. V. KIDD.

November 12, 1914.

1. RAILROADS — *Personal Injury — Negligence — Contributory Negligence.*—There can be no recovery by a plaintiff for a personal injury inflicted upon him by being struck by a railroad train, where it appears that, with full knowledge of his surroundings, he voluntarily stepped on the track where it was practically straight, with a clear view for over thirteen hundred feet in the direction from which the train which struck him was approaching, and kept no lookout whatever for the train until he was struck, and there was nothing to indicate to those in charge of the train that he was not conscious of his danger and would take no step to secure his own safety. If the negligence of the railroad company be conceded, the contributory negligence of the plaintiff would bar his recovery.

Error to a judgment of the Circuit Court of Botetourt county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*J. M. Perry,* for the plaintiff in error.

*C. M. Lunsford,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action was brought to recover damages for injuries alleged to have been inflicted on the plaintiff as the result of the negligence of the defendant railway com-

pany in operating what is styled in the record as a "pickup train," at or near its Eagle Mountain station, in Botetourt county. The circuit court overruled the defendant's demurrer to the plaintiff's evidence, and gave judgment against the company for $5,500, the amount ascertained by the jury to be the damage sustained by the plaintiff. This judgment we are asked to review and reverse.

It appears that the plaintiff was an active, intelligent young man, twenty-four years of age, who lived at Eagle Mountain and was thoroughly familiar with the tracks and the uses made of them at that station, and had often seen the "pickup train" by which he was injured come in and do its shifting there. The accident occurred in the daytime while the plaintiff was standing on the end of the ties or just inside the rail of one of the defendant's tracks, looking at the movements of trains and conversing with a passing acquaintance. While standing in this position, the "pickup train," moving east, ran upon him and inflicted the injuries complained of.

In the view we take of this case it is unnecessary to consider the question of the defendant's negligence in failing to exercise reasonable care to discover the presence of the plaintiff on the track, and thereby to avoid injuring him, for if such negligence be conceded, it will not entitle the plaintiff to recover.

In reaching the point of the accident the plaintiff had walked between tracks along the side of a west-bound train, and when he stopped he selected a railroad track to stand upon, although there was about him ample space where he would have been safe. After taking his position on the track he did not look to the west, the direction from which the "pickup train" came, although the track upon which he stood was practically straight, with a clear view to the west of more than thirteen hun-

dred feet.   If he had looked he would have been obliged
to see the train approaching, whereupon a single step
would have been sufficient to put him beyond the reach
of harm.   No fact or circumstance is brought home to the
knowledge of those in charge of the defendant's train,
sufficient to put a reasonable man upon notice that the
plaintiff was paying no heed to his danger and would
take no step to secure his own safety.

As this court said in *Southern Railway Co.* v. *Bailey,*
110 Va. 833, 843, 67 S. E. 365, "we are dealing here with
a case where a plaintiff, who could, up to the moment of
impact, have placed himself in a position of safety if he
had exercised ordinary care to discover the approach-
ing train, is seeking to recover from the defendant com-
pany because, by the exercise of like care, it could have
avoided inflicting the injury of which he complains; and
the question is whether or not a plaintiff can recover
of a defendant where they are equally guilty of the
breach of an identical duty, the consequences of which
continue to the moment of the injury."   At page 864
the court said: "If it be the duty of a person upon the
track of a railway to keep a constant lookout (and of this
there can be no question), and if it be the duty of the
servants of the company in control of the train to ex-
ercise reasonable care to discover the presence of a per-
son upon the track, and if in the exercise of such rea-
sonable care the presence of such person would be dis-
covered, and the person on the track is injured, and there
be no other fact proved, then it is apparent that the case
stated would be one of mutual and concurring negli-
gence, and there could be no recovery.   The duty was
equal, and each is equally guilty of its breach.   .   ."

The doctrine so clearly enunciated in *Bailey's case* is
applicable to the facts of the case at bar, where the
plaintiff, from the time he stepped upon the track to the

moment of the accident, failed to keep a constant or any lookout in the direction from which his danger not only might have come, but did actually come. It was plainly a case of mutual and concurring negligence in which there could be no recovery.

The judgment complained of must be reversed, and this court taking such action as the circuit court should have taken, will sustain the demurrer to the evidence and give judgment in favor of the defendant railroad company.

*Reversed.*