## Richmond.

### W. B. BASSETT AND COMPANY v. ED. L. WOOD, ADMINISTRATOR.

#### April 22, 1926.

1. NEGLIGENCE—*Contributory Negligence—Conclusiveness of Verdict of Jury—Instructions—Appeal and Error—Conflicting Evidence.*—In the instant case, an action for death by wrongful act, the defense was based principally upon the contributory negligence of decedent. The main facts in the case were conflicting, therefore, the verdict of the jury for the plaintiff conclusively established the negligence of the defendants and that the decedent was free from contributory negligence.

   *Held:* That the verdict and judgment for plaintiff must stand unless the lower court erred in its instruction to the jury.

2. EVIDENCE—*Witnesses—Variation in the Testimony of a Party's Witnesses—General Rule.*—As a general rule, when two or more witnesses introduced by a party litigant vary in their statements of fact, such party has the right to ask the court or jury to accept as true the statements most favorable to him. In such a situation he would be entitled to have the jury instructed upon his contention, or if there were a demurrer to the evidence, the facts would have to be regarded as established in accordance with the testimony most favorable to him.

3. EVIDENCE—*Witnesses—Variation in a Party's Own Testimony.*—Rules that where witnesses for a party vary in their statements, the party has the right to ask the court or jury to accept as true the statements most favorable to him, does not apply to the testimony which the party gives himself. No litigant can successfully ask a court or jury to believe that he has not told the truth. His statement of fact and the necessary inferences therefrom are binding upon him. He cannot be heard to ask that his case be made stronger than he makes it, where it depends upon facts within his own knowledge and as to which he has testified.

4. ORDINANCES—*Statutes—Violation of Ordinance or Statute as Negligence—Proximate Cause.*—It is settled law in Virginia that the violation of an ordinance or statute does not make the violator guilty of negligence for which damages may be recovered unless the act was the proximate cause of the injury. The doctrine in that respect

being that the law regards the immediate or proximate cause which directly produces the injury, and not the remote cause which may have antecedently contributed to it. In order for the negligence of the party violating the ordinance to be contributory or concurring it must have some immediate causal connection, or be the proximate cause of the injury.

5. ORDINANCES—*Statutes—Violation of Ordinance or Statute as Negligence— Proximate Cause.*—If while one is negligent or in a state of negligence another negligently employs an independent force, which, availing itself of the occasion afforded by the former's negligence, works a harm not its natural and probable consequences, but an independent harm, the first negligence is not contributory to the second.

6. NEGLIGENCE—*Last Clear Chance—Declaration—Pleading Last Clear Chance.*—It is not necessary for the plaintiff in his declaration for damages for negligence to allege that his right of recovery is based upon the doctrine of the last clear chance, any more than it is necessary to negative contributory negligence, the plaintiff, if his evidence justifies, may reply by invoking the doctrine of the last clear chance, or that admitting the plaintiff was negligent his negligence was not the proximate cause of the injury.

7. INSTRUCTIONS—*Contradictory Instructions.*—The plaintiff is not entitled to contradictory instructions upon the same state of facts, where the evidence does not warrant one of the instructions.

8. NEGLIGENCE—*Contributory Negligence—No Recovery where there is Concurring Negligence.*—There is really no distinction between negligence in the plaintiff and negligence in the defendant, and where their negligence concur to produce the injury there can be no recovery.

9. NEGLIGENCE—*No Recovery where there is Concurring Negligence—Exception to the General Rule—Proximate and Remote Cause.*—The general rule that there can be no recovery where the negligence of the plaintiff and defendant concur to produce the injury, is subject, however, to the qualification that where the negligence of the defendant is the proximate cause of the injury, and that of the plaintiff only remote cause of the injury, the plaintiff may recover, notwithstanding his negligence.

10. NEGLIGENCE—*Proximate and Remote Cause.*—The law regards the immediate or proximate cause which directly produced the injury, and not the remote cause which may have antecedently contributed to it.

11. NEGLIGENCE—*Last Clear Chance—Last Clear Chance of Defendant— Proximate Cause.*—If, after the defendant knew, or in the exercise of ordinary care ought to have known, of the negligence of the plaintiff, it could have avoided the accident, but failed to do so, the plaintiff can recover. In such case the subsequent negligence

of the defendant in failing to exercise ordinary care to avoid injuring the plaintiff becomes the immediate or proximate and efficient cause of the accident, which intervenes between the accident and the more remote negligence of the plaintiff.

12. LAST CLEAR CHANCE—*Application of the Doctrine—Evidence in the Particular Case Under Trial.*—Whether the doctrine of the last clear chance applies, and what facts or circumstances must be proven by the plaintiff's testimony in order to make that doctrine applicable, depends upon the evidence in the particular case under trial.

13. AUTOMOBILES—*Accident at Street Crossing—Instructions—Contributory Negligence of Plaintiff—Duty of Defendant—Last Clear Chance—Case at Bar.*—In the instant case, an action for death by wrongful act, plaintiff's decedent was killed by defendant's car which left the ·line of traffic to pass another car.  Defendant testified that plaintiff's decedent was "jay walking."  Instructions asked for defendant practically conveyed to the lay mind that if the decedent was negligent and the driver of the truck was negligent there could be no recovery.

 *Held:*   That these instructions ignored the rule that decedent's negligence must have been the proximate cause of the accident and were properly amended by the court adding that there could be no recovery unless defendant could, by exercise of ordinary care, have discovered decedent's peril and avoided the accident.

14. AUTOMOBILES—*Turning Out of Line of Traffic to Pass Another Car—Duty of Driver—Case at Bar.*—In the instant case plaintiff's intestate was struck and killed by defendant's truck while standing in the street waiting for traffic to pass so that she might continue across.  Defendant turned out of the line of traffic to drive around the car in front of him and did not discover the decedent's peril until he was within three feet of her.

 *Held:*   That defendant should not have driven out of the line of traffic without warning in a public street unless he knew that he could do so without injury to others.

15. NEGLIGENCE—*Last Clear Chance—Exercise of Care by Plaintiff—Sudden Emergency—Case at Bar.*—The law imposes upon the plaintiff the duty to exercise reasonable care to avoid injury from the negligence of the defendant under circumstances that show such action was reasonable.  But in the instant case plaintiff's decedent did not see defendant's truck which struck and killed her until within three feet of her, when defendant blew his horn, and from her screaming it appeared that defendant's negligence had placed her in such sudden peril and alarm that the law did not hold her negligent for failure to act reasonably under such sudden emergency, and the legal duty to prevent injury to herself by taking advantage of the last clear chance did not apply.

16. AUTOMOBILES—*City Ordinance—Right of Way of Pedestrians—Crossing*

*Street between Crossings—Case at Bar.*—In the instant case, an action for death of plaintiff's intestate who was struck by a truck of defendants while crossing a street, defendant asked for an instruction that told the jury that a city ordinance provided that "between street crossings all vehicles shall have the right of way over pedestrians," and that if plaintiff's intestate undertook to cross the street between crossings she was guilty of contributory negligence.

*Held:* That this instruction was erroneous and should not have been given.

17. STREETS AND HIGHWAYS—*Right of Pedestrian and Vehicles—Pedestrian Crossing Street between Crossings.*—Ordinances providing that vehicles shall have the right of way over pedestrians between intersections of streets with other streets must be construed reasonably and according to their intent, which is to prevent the movement of traffic from being obstructed, so that when a pedestrian and vehicle approach, at the same time the same point, the former crossing the street, and the latter going forward, the ordinance requires the pedestrian to stop and give the right-of-way instead of stopping the vehicle. But the pedestrian has equal rights with the vehicles in the use of the street and the pedestrian's right yields to the vehicle only when necessity arises.

18. LAST CLEAR CHANCE—*Application of the Doctrine—Negligence of Both Parties Contributing to Injury.*—The doctrine of last clear chance strictly speaking applies only to those cases where the negligence of the parties contribute or concur to cause injury, but before damage is inflicted, one or other of the parties has time and opportunity to avoid the injury and fails to do so. This latter negligence is the supervening cause or the last clear chance.

Error to a judgment of the Circuit Court of the city of Norfolk, in an action of trespass on the case. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Biard, White & Lanning,* for the plaintiff in error.

*E. A. Bilisoly* and *R. W. Schultice,* for the defendant in error.

CHRISTIAN, J., delivered the opinion of the court.

This is a writ of error to the Circuit Court of the city of Norfolk, Virginia, by W. B. Bassett and W. R. Bassett, partners, trading as W. B. Bassett & Company, from a verdict and judgment, entered on November 26, 1924, for $10,000.00 against them, in a certain suit in said court wherein they were defendants, and Ed. L. Wood, administrator of the estate of Susie C. W. Wood, was plaintiff to recover damages for the death of the decedent caused by the wrongful act and negligence of W. R. Bassett by driving an automobile truck upon her on Granby street in the city of Norfolk.

Granby street at the point of the accident is thirty-five feet wide between curbs, with a double line of street car tracks located in and about the center of the street—leaving a space of nine feet, eight inches between the west rail of the tracks and the west curb of the street, and ten feet, five inches between the east rail of the tracks and the eastern curb. College Place, a street twenty-three feet wide between curbs, with a sidewalk of six feet, five inches on the south side thereof, and a sidewalk seven feet, six inches on the north side, comes into Granby street at right angles, from the west, at and near the point of this accident. Opposite College Place on the eastern side of Granby street is Smith and Welton's department store, and pedestrians cross from College Place and the west side of Granby street at this point. About sixty feet further south Market street enters at right angles into Granby street on the east side thereof. On the northwest corner of College Place and Granby street, Truitt's Pharmacy fronts the latter street 26.14 feet and adjoining it to the north is Newton's Florist.

On the 12th day of May, 1924, about one o'clock p. m. the decedent, who was on the west side of Granby street, looked north and saw no cars or traffic moving

south on that side of the street which was used for southern traffic. She then started to cross to the eastern side of the street towards Smith and Welton's and had reached a point just over the first car rail and within the north line of College Place when the accident happened. There was considerable traffic moving north on the east side of the street, and as she was standing still when first seen by the driver of the truck and others, she must have been waiting for that traffic to pass so that she might continue across. The plaintiff's witnesses thus locate her when she was struck, but the driver of the truck says she was "jay walking" and locates her about twenty-five or twenty-eight feet further north in front of Truitt's Pharmacy, and other witnesses for defendant tend to corroborate his testimony as to her position. The defendant, W. R. Bassett, who was driving the truck, testified that he came from Main street going home; that there was a line of traffic on the east side of Granby street consisting of five touring cars when he got into that line of traffic. There were two cars parked in front of Smith and Welton's and the line of traffic turned out to pass these parked cars. When the line of traffic straightened out again a car in the line of traffic stopped to park at Smith and Welton's. This stopped the car just in front of him, and seeing no traffic on the west side, he turned out to go around that car. When he had gotten out of the line of the car in front of him, he saw Mrs. Wood facing him just three or four feet distant from the front of his truck. He blew his horn, put on his emergency brake. She screamed and took a step and a half backwards to escape the truck, but it was too late, and the radiator struck her, knocked her down and fractured her skull. He says she was dragged only a

few feet, while the plaintiff's witnesses say she was
dragged to within three feet of the western curb, at
the dividing line between Truitt's and Newton's,
about twenty feet. She was picked up, put into the
truck, and Bassett drove her immediately to the
hospital where she died from the injuries thus in-
flicted. The plaintiff's witnesses fixed the speed of
the truck at from ten to twenty miles an hour, while
the defendant said he was running between seven to
eight miles an hour.

[1] The defense of the defendant was based prin-
cipally upon the contributory negligence of Mrs. Wood,
and the main facts in the case were conflicting, so
that the verdict of the jury conclusively establishes
the negligence of the defendants, and that Mrs. Wood
was free from contributory negligence, and the verdict
and judgment must stand unless the court erred in
its instructions to the jury.

[2, 3] Bassett, in his testimony, says he was far
enough behind the car in front to pass it; that he
looked and saw no traffic coming south; that the two
cars that stopped were on or about the east rail of
the car tracks; that he could not see Mrs. Wood for
those cars, and he says she was "jay walking" and
when struck was twenty feet north of the crossing.
Bassett did not see Mrs. Wood until within three
feet of her, nor did he give any warning of his approach
until then. The defendant's statement must be taken
as true so far as it established their case, and the
variations in their evidence disregarded. "As a general
rule, when two or more witnesses introduced by a
party litigant vary in their statements of fact, such
party has the right to ask the court or jury to accept
as true the statements most favorable to him. In
such a situation he would be entitled to have the jury

instructed upon his contention, or if there were a demurrer to the evidence, the facts would have to be regarded as established in accordance with the testimony most favorable to him.   This is not true, however, as to the testimony which he gives himself.   No litigant can successfully ask a court or jury to believe that he has not told the truth.   His statement of fact and the necessary inferences therefrom are binding upon him.   He cannot be heard to ask that his case be made stronger than he makes it, where, as here, it depends upon facts within his own knowledge and as to which he has testified." *Massie* v. *Firmstone,* 134 Va. 450-462, 114 S. E. 652, 656; *Davis Bakery* v. *Dozier,* 139 Va. 628, 124 S. E. 411-415.

There is an ordinance of the city of Norfolk which forbids in this section persons crossing the streets, except at intersections with other streets, and shall pass over such portion of said street as is included within the line of the sidewalk extended, and not diagonally.   The defendant's testimony tends to show that Mrs. Wood was crossing Granby street twenty feet north of the line of the intersection of College Place sidewalk extended and that she was not looking to the south for cars coming out of the line of traffic going north.

[4, 5] It is settled law in Virginia that the violation of an ordinance or statute does not make the violator guilty of negligence for which damages may be recovered unless the act was the proximate cause of the injury.   The doctrine in that respect being that the law regards the immediate or proximate cause which directly produces the injury, and not the remote cause which may have antecedently contributed to it. In order for the negligence of the party violating the ordinance to be contributory or concurring it must

have some immediate causal connection, or be the proximate cause of the injury. If, while one is negligent—perhaps the expression should be, in a state of negligence—another negligently employs an independent force, which, availing itself of the occasion afforded by the former's negligence, works a harm not its natural and probable consequences, but an independent harm, the first negligence is not contributory to the second. *Southern Ry. Co.* v. *Bailey,* 110 Va. 833-845, 67 S. E. 365; *Miller Mfg. Co.* v. *Loving,* 125 Va. 255, 99 S. E. 591; *Standard Red Cedar Chest Co.* v. *Monroe,* 125 Va. 442, 99 S. E. 589.

The learned judge gave all the instructions asked upon the theory of contributory negligence, except No. 3 upon concurring negligence, and they were very liberal to the defendant, as there was no evidence that the decedent knew, or had reason to believe, that the Bassett car would turn out of the line of traffic followed upon that side of Granby street, but the strong inference to be drawn from the circumstances was that she was halted by the automobiles in front of Bassett's truck, and with her attention thus fixed the truck, without warning until three feet of her, ran her down.

The plaintiff's theory of his case was that Mrs. Wood was not violating the city ordinance, but had looked in the direction from which traffic came going south on that side of Granby street, and not seeing any car or automobiles, she walked within the sidewalk line extended of College Place, and stopped near the western rail of the car track until the line of automobiles going north on the east side of Granby street had passed, so she could continue across the street. When the defendants had introduced evidence to establish her contributory negligence, the plaintiff asked, and the court gave, his instruction No. 2 as

to the burden of proof on contributory negligence, and that it should be the proximate cause of her death to bar recovery. That part of instruction No. 2 it is admitted correctly states the law, but the jury were further told therein, that if they did believe Mrs. Wood was guilty of negligence that contributed to her death, notwithstanding the fact, they might find for the plaintiff, *"if you believe from the evidence that the defendant, Wm. Robert Bassett, could have, in the exercise of reasonable care, discovered her peril in time and avoided running into her."*   (Italics supplied.)

The defendants claim that this instruction was made erroneous because of the last clear chance doctrine included therein. That thereby it propounded a theory upon which the plaintiff might recover different from, and inconsistent with, that set out in the declaration and sought to be established by the plaintiff's evidence.   The case of *Green* v. *Ruffin*, 141 Va. 628, 125 S. E. 742, 127 S. E. 486, is cited as authority to sustain this position. An examination of this case, which will be discussed further on in this opinion, does not sustain that position.

[6, 7] It is not necessary for the plaintiff in his declaration for damages for negligence to allege that his right of recovery is based upon the doctrine of the last clear chance, any more than it is necessary to negative contributory negligence, the plaintiff, if his evidence justifies, may reply by invoking the doctrine of the last clear chance, or that admitting the plaintiff was negligent his negligence was not the proximate cause of the injury. However, the plaintiff is not entitled to contradictory instructions upon the same state of facts, where the evidence does not warrant one of the instructions.

The defendants also assign as error that the doctrine

of the last clear chance was an abstract statement of law, and other objections thereto which may be combined, into the objection that the evidence did not warrant an instruction upon that rule of law. Practically the same errors are assigned to the *amendment* made by the court to their instructions on the theory of contributory negligence, as follows:

"Unless you believe from the evidence the defendant, Wm. Robert Bassett, could by the exercise of ordinary care have discovered the plaintiff's intestate's peril and avoided the accident." Therefore these assignments of error may best be considered together.

[8] There is really no distinction between negligence in the plaintiff and negligence in the defendant, and where their negligence concur to produce the injury there can be no recovery.

[9–11] "The general rule adverted to is subject, however, to the qualification that where the negligence of the defendant is the proximate cause of the injury, and that of the plaintiff only remote cause of the injury, the plaintiff may recover, notwithstanding his negligence; the doctrine in that respect being that the law regards the immediate or proximate cause which directly produced the injury, and not the remote cause which may have antecedently contributed to it. From that principle arises the well-established exception to the general rule that if, after the defendant knew, or in the exercise of ordinary care ought to have known, of the negligence of the plaintiff, it could have avoided the accident, but failed to do so, the plaintiff can recover. In such case the subsequent negligence of the defendant in failing to exercise ordinary care to avoid injuring the plaintiff becomes the immediate or proximate and efficient cause of the accident, which intervenes between the accident and

the more remote negligence of the plaintiff." *Southern Ry. Co.* v. *Bailey*, 110 Va. 845, 67 S. E. 365, 27 L. R. A. (N. S.) 379.

[12] Upon the above sound principle of justice is based the doctrine of the last clear chance. The duty of self preservation, and the duty which one owes, to use reasonable care not to injure another are correlative, and the purpose of evidence in negligence cases is to enable the jury to fix the breach of duty. Therefore, the decisions of the courts have established rules of sound reasoning to be applied by the jury in the ascertainment of the facts of the case. Whether the doctrine of the last clear chance applies, and what facts or circumstances must be proven by the plaintiff's testimony in order to make that doctrine applicable, depends upon the evidence in the particular case under trial.

In the case of *Green* v. *Ruffin, supra,* this court reviewed the principles of the doctrine of the last clear chance, and the evidence necessary to justify the court in giving an instruction upon that principle in the particular case under trial as established by the numerous decisions of the Supreme Court of Appeals. The court held in that case that Mrs. Ruffin had the right to cross the street between intersecting streets, if she exercised reasonable care, and that what was reasonable care was for the jury. The defendant, Mrs. Green, plead the general issue, and contributory negligence. The court gave the plaintiff's instructions upon primary negligence, and submitted to the jury, whether looking from the west street car rail in the direction which traffic traveled on that side of the street, and seeing a car approaching a hundred and twenty feet from the north, then crossed the street without looking again, was the exercise of

reasonable care. The alleged negligence of Mrs. Green was the failure to look out for persons crossing the street, and the claimed contributory negligence of Mrs. Ruffin was the failure to look out for the Green car when looking would be effective. The plaintiff then asked, and had given, the further instruction upon the doctrine of the last clear chance, and this court, after careful analysis of that doctrine and the evidence in the case, held that the instruction upon primary negligence and the doctrine of last clear chance were contradictory, and that the evidence did not justify a recovery upon the theory of the case presented by the plaintiff's evidence. In the instant case there is no contradiction in the instructions, hence the particular question decided in that case is not presented by this record.

[13] Conceding that Mrs. Wood was negligent in crossing Granby street under the circumstances, at the time, and place, that she did, just prior to the accident, and further that it was her duty to look out for a car leaving the line of traffic to pass another car, coming from the south, which the defendants' instruction practically told the jury was negligence as a matter of law, and left to the jury to determine whether such negligence contributed directly as the proximate or concurring cause to the injury, if so there could be no recovery. These instructions, if they had been unamended, would have been misleading to the jury under the evidence and circumstances of this case. While to the trained legal mind perhaps the phrase *proximate cause* excluded her negligence as the remote cause of her injury as an element which would bar recovery. However, to the lay mind these instructions meant that if she was negligent and the driver of the truck was negligent there could be no

recovery.    That is, as stated by Bassett in extenuation
of negligence, if she was "jay walking" he owed her
no duty of prevision.    This is not the law.

From the evidence and inferences from the circum-
stances of this case, the jury might have believed that
Mrs. Wood was standing upon the street looking at
the automobiles passing in front, before Bassett turned
out of the line of traffic, and while she was thus in a
state of negligence, it was his duty to have seen or in
the exercise of ordinary care he ought to have seen her,
and avoided injuring her.    In such case the *subsequent*
negligence of the defendant, in failing to exercise ordi-
nary care to avoid injuring Mrs. Wood, becomes the
immediate or proximate and efficient cause of the ac-
cident, which intervenes between the accident and the
more remote negligence of the decedent.    The legal
principle under discussion and contained in the plain-
tiff's instruction No. 2 (and upon which his entire case
is based), and the amendment to the defendants' in-
structions, was a correct statement of the law applicable
to the evidence in this case, and has been approved by
the Supreme Court of Appeals in a number of similar
cases.    *Gunter's Admr.* v. *Southern Ry. Co.,* 126 Va.
565, 101 S. E. 885.

[14] Bassett's duty to exercise ordinary care not to
injure Mrs. Wood arose as soon as he determined to
drive around the car in front of him, and he should not
have driven out of the line of traffic without warning
in a public street unless he knew that he could do so
without injury to others.    The facts and circumstances
of this case do not require the application of the rule that
there must have been time and opportunity for the
defendants, after the discovery or an opportunity to
discover the danger of the deceased caused by her own
negligence, to avoid the danger.    His duty to have

discovered her was prior to the time when he saw her three feet in front of his truck—his negligence was then culminating in injury.

[15] It is true that the law imposes upon the plaintiff the duty to exercise reasonable care to avoid injury from the negligence of the defendant under circumstances that show such action was reasonable. But in the instant case Mrs. Wood did not see the truck until within three feet of her, when Bassett blew his horn, and from her screaming, his negligence had placed her in such sudden peril and alarm that in that state of mind the law does not hold her negligent for failure to act reasonably under such sudden emergency, and the legal duty to prevent injury to herself by taking advantage of the last clear chance does not apply to this case.

[16, 17] The defendants' instruction No. 7 told the jury that the ordinance of the city of Norfolk that provided that "between street crossings all vehicles shall have the right of way over pedestrians," and that if Mrs. Wood undertook to cross Granby street between College Place and Freemason street she was guilty of contributory negligence, is erroneous and should not have been given as amended or otherwise. In *Green* v. *Ruffin, supra*, this court held in regard to a similar right-of-way ordinance that "an ordinance of the city of Danville provides that vehicles shall have the right-of-way over pedestrians between intersections of street with other streets. These right-of-way ordinances must be construed reasonably and according to their intent, which is to prevent the movement of traffic from being obstructed, so that when a pedestrian and vehicle approach, at the same time, the same point, the former crossing the street and the latter going forward, the ordinance requires the pedestrian to stop and give the

right-of-way instead of stopping the vehicle. They have equal rights in the use of the street, and the pedestrian's right only yields to the vehicle when necessity arises." *Virginia Ry. & Power Co.* v. *Wellons,* 133 Va. 350, 112 S. E. 845; *Virginia Ry. & Power Co.* v. *Slack Grocery Co.,* 126 Va. 691, 101 S. E. 878.

[18] The confusion that arises in the application of the principle of law that while one is negligent, another negligently employs an independent force, which availing itself of the occasion afforded by the former's negligence, works a harm not its natural and probable consequence, but an independent harm, the first negligence is not contributory to the second, is due to too rigid construction of the words *last clear chance,* where the negligence of the plaintiff is antecedent or the remote cause of the harm and the defendant's negligence the subsequent and independent cause of the injury. The doctrine of last clear chance, strictly speaking, applies only to those cases where the negligence of the parties contribute or concur to cause injury, but before damage is inflicted, one or other of the parties has time and opportunity to avoid the injury and fails to do so. This latter negligence is the supervening cause, or the last clear chance.

Careful examination of the law and evidence discloses no error in the instructions prejudicial to the defendants, and the parties have had a fair trial, therefore, the judgment of the trial court will have to be affirmed.

*Affirmed.*